UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

AI MINH LE,

Petitioner,

v.

ROBERT MUNDNT,

Respondent.

Civil File No. 01-1179 (JMR/JGL)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

Petitioner immigrated to the United States from Vietnam. His petition does not explain when or how he arrived here, nor does it explain his current legal status in this country. It appears, however, that he is an alien, rather than a U.S. citizen.

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to § 2241 proceedings. Rule 1(b); Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

FILED JUL 3 2001
RICHARD D. SLETTEN, CLERK

JUDGEMENT ENTERED

DEPUTY CLERK'S INITIALS

In 1999, Petitioner was convicted in the U.S. District Court for the District of Nebraska for violating U.S. drug laws. He was sentenced to 70 months in prison, and he is presently serving his sentence at the Federal Correctional Institution in Waseca, Minnesota.

Under federal law, when an alien is serving a prison sentence for a deportable offense, the Attorney General, acting through the U.S. Immigration and Naturalization Service, ("INS"), must make arrangements to take custody of the alien upon his release from prison. 8 U.S.C. § 1226(c). To fulfill that responsibility in cases involving aliens convicted of federal crimes, the INS typically issues a detainer to the federal Bureau of Prisons, ("BOP"). The detainer informs the BOP of the alien's potential deportability, and requests the BOP's cooperation to ensure that the INS is able to secure custody of the alien when the BOP is ready to release him. See 8 C.F.R. §287.7(a).[2]

In the present case, the INS filed a detainer against Petitioner sometime after he entered prison. That detainer presumably asks the BOP to detain Petitioner after he has completed his prison sentence, so that the INS can determine whether he should be deported.

---

[2] According to 8 C.F.R. § 287.7(a) --

> "A detainer serves to advise another law enforcement agency that the Service seeks custody of an alien presently in custody of that agency, for the purpose of arresting and removing the alien. The detainer is a request that such agency advise the Service, prior to release of the alien, in order for the Service to arrange to assume custody, in situations when gaining immediate custody is either impracticable or impossible."

Petitioner is not presently challenging the validity of his criminal conviction or sentence. Instead, he is asking the Court to vacate the INS detainer. As explained by Petitioner: "I am not contesting the legality of my detention in this petition. I am protesting the legality of the detainer placed upon me by the Immigration and Naturalization Department." (Petition, [Docket No. 1], pp. 5-6, ¶ 12.) He describes his current habeas corpus claim as follows:

> "I have had a detainer placed upon my person by the Immigration and Naturalization Department. I came to this Country from Vietnam and married a United States citizen. In addition there is no treaty between the United States and Vietnam and my life would be in danger if I was returned to Vietnam. I would like the detainer lifted as I am married to a United States citizen. In addition I was an active member in the Regular Army of the Republic of South Vietnam and I would obviously be in grave danger if I was returned to Vietnam."

(Id. at p. 3, ¶ 9.)

For the reasons discussed below, the Court finds that Petitioner cannot challenge the validity of his INS detainer in his present habeas corpus petition.

**II. DISCUSSION**

A writ of habeas corpus directs the custodian of a prisoner to release the prisoner from his confinement, if such confinement has been shown to be unlawful. Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988)("[t]he Writ of Habeas Corpus functions to grant relief from unlawful custody or imprisonment"), cert. denied, 490 U.S. 1082 (1989). If the prisoner is not in the custody of the party against whom relief is sought, then a writ of habeas corpus cannot be granted. Id.

In this case, Petitioner is currently in the custody of the BOP, serving a prison sentence for a federal crime. Petitioner has made it clear, however, that he is not challenging the propriety of the BOP's custody. He is not attacking his conviction or sentence, he is not challenging the fact or duration of his confinement, and he is not otherwise claiming that the BOP should expedite his release from prison.

Instead, it clearly appears that Petitioner is actually seeking relief from the INS. More specifically, he is asking the Court to vacate the INS detainer against him. Such relief is not available by writ of habeas corpus, however, because Petitioner is not in INS custody at this time. According to Campillo, an alien who is committed to the BOP to serve a federal prison sentence following a criminal conviction is considered to be in BOP custody -- not INS custody. 853 F.2d at 595. If the INS determines that an alien in BOP custody may be deportable, then the INS may deliver a detainer which notifies the BOP of the alien's potential deportability – which is what the INS apparently has done in Petitioner's case. By issuing such a detainer, however, the INS does not take a prisoner into custody. The detainer "merely notifies prison officials that a decision regarding [the alien's] deportation will be made by the INS at some future date." Id.

Our Court of Appeals concluded in Campillo that "[t]he filing of an INS detainer, standing alone, does not cause a sentenced offender to come within the custody of the INS for purposes of a petition for a writ of habeas corpus." Id. The Court specifically rejected the suggestion that an INS detainer, such as the one at issue here, might give the INS constructive custody, or "technical custody," of an alien who is serving a federal prison sentence in a BOP facility. In the words of the Eighth Circuit, "[w]e do not believe that the

filing of a detainer with prison officials amounts to the taking into custody, technical or otherwise, of the petitioner." Id. at 596.

Thus, Campillo clearly indicates that Petitioner cannot challenge his INS detainer in a habeas corpus proceeding, because he is not in INS custody at this time.[3] As long as Petitioner is not in INS custody, the federal habeas corpus statutes do not provide a means by which he can challenge the validity of his INS detainer. It will therefore be recommended that the instant petition be summarily dismissed.

Finally, the Court notes that Petitioner did not pay the $5 filing fee for his petition, (see 28 U.S.C. § 1914(a)), but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Because Petitioner has failed to state a habeas corpus claim on which relief can be granted, his IFP application must be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

1. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2),

---

[3] Decisions from other circuits are consistent with Campillo. See, e.g., Garcia v. Taylor, 40 F.3d 299, 303 (9th Cir. 1994)("bare detainer letter does not sufficiently place an alien in INS custody to make Habeas corpus available"); Prieto v. Gluch, 913 F.2d 1159, 1162-64 (6th Cir. 1990)(same), cert. denied, 498 U.S. 1092 (1991); Orozco v. INS, 911 F.2d 539, 541 (11th Cir. 1990)(same).

be **DENIED**; and

2. Petitioner's application for a Writ of Habeas Corpus, (Docket No. 1), be

**DISMISSED WITHOUT PREJUDICE.**

DATED: July 3, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by July 20, 2001, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.